Reuben D. Nathan, Esq. (SBN 208436)
Email: *rnathan@nathanlawpractice.com*
NATHAN & ASSOCIATES, APC
2901 West Pacific Coast Highway, Suite 350
Newport Beach, California 92663
Tel:(949)263-5992
Facsimile:(949)209-1948

Ross Cornell, Esq., APC (SBN 210413)
Email: *ross.law@me.com*
111 W. Ocean Blvd., Suite 400
Long Beach, CA  90802
Phone:  (562) 612-1708
Facsimile: (562) 394-9556

Attorneys for Plaintiff
HENEY SHIHAD and the Proposed Class

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENEY SHIHAD, an individual on behalf of himself and all others similarly situated, | Case No. 3:16-cv-114 |
| Plaintiff | **FIRST AMENDED** |
| | **CLASS ACTION COMPLAINT** |
| vs. | |
| SAFEWAY, INC. and DOES 1 through 25, inclusive. | |
| Defendants. | |
| | JURY TRIAL DEMANDED |

1

**FIRST AMENDED CLASS ACTION COMPLAINT**

COMES NOW PLAINTIFF, HENEY SHIHAD, WHO HEREBY ALLEGES THE FOLLOWING:

Plaintiff, Heney Shihad ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant Safeway, Inc.

The allegations in this Complaint, stated on information and belief, have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## NATURE OF ACTION

1.     Plaintiff files this class action lawsuit on behalf of himself and all similarly situated persons who purchased 5-ounce cans of Safeway brand Solid White Albacore Tuna in Water, 5-ounce cans of Safeway brand Chunk Light Tuna in Water and 5-ounce cans of Open Nature brand Chunk Light Tuna in Water (hereinafter collectively referred to as "Safeway Tuna").

2.     Plaintiff brings this action on behalf of himself and a California and Nationwide proposed Class of purchasers of Safeway Tuna for violations of California Consumer Legal Remedies Act, California Unfair Competition Law, California False Advertising Law, breach of express warranty, breach of the implied warranty of merchantability, fraud and negligent misrepresentation.

3.     Plaintiff has been purchasing Safeway Tuna on a regular basis over a period of several years.  During the class period, Safeway, Inc. has produced and distributed 5-ounce cans of tuna under the brand names "Safeway", "Open Nature" and "Signature Kitchens" all of which have been purchased by the Plaintiff.

4.     Federal law requires that canned tuna sold in the United States comply with statutory guidelines, including guidelines that set forth requirements regarding the

**FIRST AMENDED CLASS ACTION COMPLAINT**

content of those cans.  These requirements include specific standards for the minimum weight of tuna required to be contained within tuna cans as set forth in 21 C.F.R. § 161.190(c) and in accordance with the protocols set forth in 21 C.F.R. § 130.12, as described in more detail herein.

5.      Qualified independent expert laboratory testing has determined that Safeway, Inc. fails to comply with the minimum standards.  The tests reveal that Safeway under-fills 5-ounce cans of Safeway Tuna yet continues to falsely label and market them as legally compliant  "5-ounce" cans.  Accordingly, Safeway, Inc. is and has been routinely and consistently selling canned tuna that is under-filled and under weight and therefore has been depriving Plaintiff and the proposed Class members of the legally required benefit of their tuna purchases.

## PARTIES

6.      Plaintiff, Heney Shihad ("Plaintiff"), is a citizen of California, who resides in the city of Irvine.  From approximately 2013 through the present, Plaintiff has regularly purchased 5-ounce cans Safeway Tuna.  On information and belief, despite being labeled as containing "5 ounces" of tuna, the cans of tuna Plaintiff purchased have been systematically under-filled and were underweight.

7.      Defendant, Safeway Inc. ("Safeway") is a Delaware corporation with its principal place of business in Pleasanton, California.  Defendant is a supermarket chain with stores located throughout California and the United States, which sells its branded products including Safeway, Open Nature and Signature Kitchen canned tuna through, *inter alia,* Safeway, Vons and Pavilions grocery stores and through other means of distribution to consumers.

**FIRST AMENDED CLASS ACTION COMPLAINT**

8.     The true names and capacities, whether individual, corporate, associate or otherwise of each of the defendants designated herein as a DOE are unknown to Plaintiff at this time, who therefore, sue said defendants by fictitious names, and will ask leave of this Court for permission to amend this Complaint to show their names and capacities when the same have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a DOE is legally responsible in some manner for the events and happenings herein referred to, and caused injuries and damages thereby to these Plaintiffs as alleged herein.

9.     On information and belief, Plaintiff alleges that at all times herein mentioned, each of the defendants was acting as the agent, servant or employee of the other defendants and that during the times and places of the incident in question, Defendant and each of their agents, servants, and employees became liable to Plaintiff and class members for the reasons described in the complaint herein, and thereby proximately caused Plaintiffs to sustain damages as set forth herein.  On information and belief, Plaintiffs allege that Defendants carried out a joint scheme with a common business plan and policies in all respects pertinent hereto and that all acts and omissions herein complained of were performed in knowing cooperation with each other.

10.     On information and belief, Plaintiffs allege that the shareholders, executive officers, managers, and supervisors of the Defendants directed, authorized, ratified and/or participated in the actions, omissions and other conduct that gives rise to the claims asserted herein.  Plaintiff is informed and believes, and thereon alleges, that each of said defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

**FIRST AMENDED CLASS ACTION COMPLAINT**

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction according to 28 U.S.C. § 1332(d), because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs and most members of the proposed class are citizens of states different from Defendant.  This Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

12.     Plaintiff is a citizen of California and Defendant's principal place of business located in this District.  Pursuant to 28 U.S.C. §1391, this Court is the proper venue since the Defendant's principal place of business is located in this District.

## PRIVATE ATTORNEYS GENERAL ALLEGATIONS

13.     In addition to asserting class claims, Plaintiffs assert claims on behalf of class members pursuant to California Business & Professions Code § 17200, *et seq.*  The purpose of such claims is to obtain injunctive orders regarding the false labeling, deceptive marketing and consistent pattern and practice of under-filling 5-ounce cans of Safeway Tuna, to require the disgorgement of all profits and/or restoration of monies wrongfully obtained through Safeway's unfair and deceptive business practices, which emanated from Safeway's principal place of business in Pleasanton, California, as alleged herein.  This private attorneys general action is necessary and appropriate because Defendants have engaged in wrongful acts described herein as part of the regular practice of their businesses.

**FIRST AMENDED CLASS ACTION COMPLAINT**

## CLASS ACTION ALLEGATIONS

14.     Plaintiff brings this action and all claims stated within on his own behalf and on behalf of all similarly situated persons pursuant to Federal Rule of Civil Procedure 23.

15.     The claims and causes of action alleged herein arise under Federal law and California law.

16.     Plaintiffs seeks to certify the following classes:

Nationwide Class (the "Class"):

"All persons located in the United States who purchased Safeway Tuna"

California Class (the "Sub-Class"):

 "All persons located in California who purchased Safeway Tuna"

17.     Excluded from the class are Defendants in this action, any entity in which Defendants have a controlling interest, including, but not limited to officers, directors, shareholders, current employees and any and all legal representatives, heirs, successors, and assigns of Defendants.

18.     There is a well-defined community of interest in this litigation and the class is easily ascertainable:

A.     Numerosity:  The members of the Class and Sub-Class are so numerous that joinder of all members is impracticable. While the exact number of Class and Sub-Class members can only be ascertained through discovery, plaintiffs believe that over one million Californians and United States citizens have purchased and continue to purchase Safeway Tuna and that, as a result, on information and belief, there are at least one million aggregate members of the Class and Sub-Class.

**FIRST AMENDED CLASS ACTION COMPLAINT**

B. <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Class and the Sub-Class.  Plaintiff and members of the proposed Class and Sub-Class sustained injuries and damages arising out of defendants' common course of conduct in violation of the law as alleged herein. The injuries and damages of each member of the Class and Sub-Class were caused directly by defendants' wrongful conduct as alleged herein and are/were common to all class members.

C. <u>Adequacy</u>:  Plaintiff does not have a conflict with the class and is qualified to and will fairly and adequately protect the interests of each member of the class with whom he has a well- defined community of interest and typicality of claims, as alleged herein.  Plaintiff acknowledges that he have an obligation to the Court to make known any relationship, conflict, or differences vis-à-vis any class member.  Plaintiffs' attorneys and proposed class counsel are well versed in the rules governing class action and complex litigation regarding discovery, certification, and settlement.

D. <u>Superiority</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy and will result in a substantial benefit to the Class and Sub-Class, the public and the Court.  The likelihood of individual class members prosecuting separate claims is remote, and individual members of the Class and Sub-Class do not have a significant interest in individually controlling the prosecution of separate actions. Because the damages suffered by individual class members is relatively small, the expenses and burden of individual litigation would make it difficult, if not impossible, for individual members of the Class and Sub-Class to redress the wrongs done to them. The cost to the judicial system of the adjudication of many individualized claims would substantial whereas the litigation of these claims simultaneously as a class action will result in substantial savings of judicial resources. Furthermore, the prosecution of separate actions by individual class members would create a risk of

**FIRST AMENDED CLASS ACTION COMPLAINT**

inconsistent and varying adjudications concerning the subject of this action, which adjudications could establish incompatible standards of conduct for defendants under the law alleged herein. Class treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Class treatment will enable the Class and Sub-Class members to redress the wrongs done to them and to serve the public interest by ensuring that defendants' conduct be punished and enjoined from future repetition.  Class treatment will thus result in the most fair and efficient adjudication of this controversy, as well as conferring substantial benefits on the litigants, the public and the Court.

19.     There are common questions of law and fact as to the class that predominate over questions affecting only individual members, including but not limited to:

A.     Whether Safeway has engaged in an unlawful business practice;

B.     Whether Safeway engaged in unlawful advertising;

C.     Whether Safeway Tuna cans were under-filled on a class-wide basis;

D.     Whether 5-ounce cans of Safeway Tuna are substantially underweight;

E.     Whether Safeway warranted that Safeway Tuna contained an adequate amount of tuna in 5-ounce can;

F.     Whether Safeway knew that it misrepresented the amount of tuna in its 5-ounce cans;

G.     Whether Safeway knew or should have known that its 5-ounce cans of tuna were under-filled and substantially underweight;

H.     Whether Safeway warranted that its 5-ounce Safeway Tuna was legally compliant when offered for sale;

**FIRST AMENDED CLASS ACTION COMPLAINT**

I.      Whether Safeway breached warranties in connection with 5-ounce cans of Safeway Tuna;

J.      Whether or not Safeway made misrepresentations, false promises, or reckless statements to Plaintiff and class members.

K.      Whether the under-filled cans of tuna confirmed via independent laboratory testing are representative of Safeway's widespread business practices.

L.      Whether Safeway knew and intended to under-fill its cans and whether Safeway gained an unfair commercial or competitive benefit by doing so.

20.     Were if not for this class action, most class members would find the cost associated with litigating claims extremely prohibitive, which would result in no remedy to this widespread and ongoing harm.

21.     This class action would serve to preserve judicial resources, the respective parties' resources, and present fewer issues with the overall management of claims, while at the same time ensuring a consistent result as to each class member.

## FIRST CAUSE OF ACTION
Consumers Legal Remedies Act, California Civil Code §§ 17500, et seq.
By Plaintiff and the Proposed Sub-Class against Defendant
(Injunctive Relief Only with Reservation)

22.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

23.     Plaintiff and the Sub-Class are "consumers" as defined by Civil Code § 1761(d).

24.     Safeway Tuna is a "good" as defined by Cal. Civil Code § 1761(a).

**FIRST AMENDED CLASS ACTION COMPLAINT**

25.   The Consumers Legal Remedies Act [Civil Code § 1770, *et seq.*] (the "CLRA") prohibits representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have.

26.   Safeway Tuna is under-filled and contains less than the minimum federal standard for pressed weight tuna in a 5-ounce can despite being advertised and labeled as "5-ounces," which violates the CLRA insofar as Safeway Tuna regularly does not have the characteristics, ingredients, benefits or quantities represented.

27.   The CLRA prohibits advertising goods with intent not to sell them as advertised insofar as Defendant's sale of Safeway Tuna is predicated on Safeway's pattern and practice of routinely falsely advertising and labeling its 5-ounce tuna cans as containing "5 ounces" when, in fact, Safeway Tuna contains substantially less than 5 ounces and less than the federal minimum standard for a 5-ounce can.

28.   Defendant's ongoing pattern and practice of under-filling and falsely labeling Safeway Tuna violates the CLRA in these respects:

a.   Defendant's acts and practices constitute misrepresentations that Safeway Tuna has characteristics, benefits, quantities, ingredients or uses which it does not have, thereby causing Plaintiff and the Sub-Class to lose the reasonably expected benefit of their purchases of Safeway Tuna;

b.   Defendant misrepresented that Safeway Tuna is of a particular standard, quality and/or grade, when its is of another, lesser grade that fails to meet minimum federal standards, thereby causing Plaintiff and the Sub-Class to reasonably rely on the Defendant's blatant misrepresentations regarding the nature of their purchases of Safeway Tuna;

**FIRST AMENDED CLASS ACTION COMPLAINT**

c.     Defendant's acts and practices described herein constitute the advertisement of Safeway Tuna without the intent to sell it as advertised, thereby causing Plaintiff and the Sub-Class to reasonably rely on such advertisements to their detriment;

d.     Defendant's acts and practices constitute representations that Safeway Tuna has been supplied in accordance with previous representations when it has not.

29.     Plaintiff and the proposed Sub-Class suffered injuries caused by Defendant because they would not have purchased Safeway Tuna if the true facts were known concerning its deficient weight and/or quantity and its routine failure to comply with minimum federal standards.  Plaintiff and the proposed Sub-Class paid a price premium for Safeway Tuna due to Defendant's promises that it contained an adequate amount of tuna for a 5-ounce can, and have therefore been damaged by the Defendant's violations of the CLRA.

30.     On January 7, 2016, Plaintiff served written notice and demand on Defendant in compliance with Civil Code § 1782(a) via certified mail, return receipt requested, advising Safeway that it is in violation of the CLRA and demanding remedies for Plaintiff and the Sub-Class members.  Plaintiff's notice and demand letter to Defendant is attached hereto as Exhibit A.

31.     Plaintiff seeks injunctive relief only for this violation of the CLRA, but reserves it right to amend this complaint to include allegations for the recovery of damages under the CLRA.

//

//

11

**FIRST AMENDED CLASS ACTION COMPLAINT**

**SECOND CAUSE OF ACTION**
Violation of California Business & Professions Code §§17500, et seq.
By Plaintiff and the Proposed Sub-Class against Defendant

32.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

33.     This cause of action is brought pursuant to the Unfair Competition Law at Business & Professions Code § 17500, *et seq*.

34.     Plaintiff brings this Cause of Action as an individual, in his capacity as a private attorney general pursuant to Business & Professions Code § 17535, and on behalf of the Sub-Class.

35.     Defendant intended to sell goods – 5 oz. cans of Tuna - to Plaintiff and the Sub-Class.

36.     Defendants disseminated advertising before the public in California that: (a) contained statements that were illegal, untrue or misleading; (b) defendants knew, or in the exercise of reasonable care should have known, was illegal, untrue or misleading; (c) concerned the nature, quantity and characteristics of goods intended for sale to California consumers, including Plaintiff and the Sub-Class; and (d) was likely to mislead or deceive a reasonable consumer.

37.     The illegal, untrue and/or misleading statements and representations made by these defendants include but are not limited to:

a.     Words that state or imply that Safeway tuna contains at least the federal minimum quantity required for 5-ounce tuna cans when, in fact, Safeway does not provide 5 ounces of tuna and does not provide at least the federal minimum quantity of tuna required for 5-ounce cans.

**FIRST AMENDED CLASS ACTION COMPLAINT**

b.      Words that state or imply that Safeway tuna contains two 2.5 ounce servings of tuna when, in fact, Safeway does not provide 5 ounces of tuna and does not provide at least the federal minimum quantity of tuna required for 5-ounce cans.

38.      Pursuant to California Business & Professions Code §§ 17500, et seq., it is unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state in any advertising device or in any other manner or means whatever, including over the Internet, any statement, concerning personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

39.      Defendant committed acts of false advertising, as defined by §17500, by misrepresenting that Safeway tuna contained an adequate amount of tuna for a 5-ounce such that its sale of Safeway tuna was legal in the United States.

40.      Defendant knew or should have known, through the exercise of reasonable care that its representations about Safeway tuna were false, untrue and misleading to Plaintiff, the Sub-Class members and the general public.

41.      Defendant's actions in violation of § 17500 were false and misleading such that the Plaintiff, the Sub-Class and the general public is and was likely to be deceived.

42.      Plaintiff and the Sub-Class lost money or property as a result of Defendant's false advertising insofar as Plaintiff and the Sub-Class would not have purchased Safeway Tuna if they had reason to know that Safeway tuna was and is under-filled and underweight, and because the amount of tuna obtained when purchasing Safeway Tuna was substantially less than would have been obtained Plaintiff and the Sub-Class had purchased legally compliant competing brands of Tuna.

**FIRST AMENDED CLASS ACTION COMPLAINT**

43.     Plaintiff and the Sub-Class paid a premium for Safeway Tuna due to their reliance on Safeway's good faith and reputation and upon Defendant's product labels and promises that Safeway Tuna contained an adequate amount of tuna for a 5-ounce can.

## THIRD CAUSE OF ACTION
Breach of Express Warranty
By Plaintiff and the Proposed Class against Defendant

44.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

45.     Plaintiff brings this claim individually and on behalf of the proposed Class against Defendant.

46.     Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, expressly warranted that Safeway Tuna contained an adequate amount of tuna for a 5-ounce can and that Safeway Tuna is legal for sale in the United States.

47.     Defendant gave Plaintiff and the Class a description of Safeway Tuna that included a representation that Safeway Tuna contains two 2.5-ounce servings per can.

48.     The true facts are that Safeway's 5-ounce cans of tuna did not contain two 2.5-ounce servings per can, and therefore does not meet the quantity represented by the Defendant.

49.     Safeway tuna is not suitable for sale in the United States because each of the express warranties are false insofar as Safeway tuna is under-filled and underweight, does not contain an adequate amount of tuna for a 5-ounce can, and is therefore illegal for sale as a "5-ounce can" in the United States.

50.     Plaintiff took reasonable steps to notify the Defendant that Safeway tuna is under-filled and underweight and was therefore not as represented.

14

**FIRST AMENDED CLASS ACTION COMPLAINT**

51.     Defendant's breach of express warranty is the direct and proximate cause of Plaintiff and the Class who have been harmed because they would not have purchased Safeway brands of tuna for the agreed-upon price if they knew it contained an adequate amount of tuna for a 5-ounce can.

52.     The failure of the Defendant to deliver Safeway tuna as represented was a substantial factor in causing harm to the Plaintiff and the Class.  As a proximate result of this breach of warranty by Safeway, Plaintiff and the Class have suffered damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
Breach of the Implied Warranty Of Merchantability
By Plaintiff and the Proposed Class against Defendant

53.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

54.     Plaintiffs and the Class purchased Safeway Tuna, which set forth a label or container making statements of fact with respect to the quantity of tuna contained therein, i.e. "5 ounces" and two "2.5 ounce" servings per container.  Defendant breached the implied warranty of merchantability because Plaintiffs and the Class did not receive goods that conformed to the promises or affirmations of fact on the Defendant's containers or labels.

55.     At the time of purchase, Defendant was in the business of selling Safeway Tuna as a consumer good to the Plaintiff, the Class and the general public as the designer, manufacturer, marketer, distributor, and/or seller.  Defendant impliedly warranted that Safeway Tuna contained an adequate amount of tuna for a 5-ounce can and that Safeway Tuna is legal for sale in the United States.

**FIRST AMENDED CLASS ACTION COMPLAINT**

56.     Defendant breached the warranty implied in the sale of Safeway tuna because the Safeway Tuna was not of the same quality as those generally accepted in the trade, was not fit for the ordinary purpose for which such goods are used, was not adequately or accurately packaged or labeled, and did not measure up to the promises or facts stated on the container or label because Safeway tuna is under-filled and substantially underweight, does not contain an adequate amount of tuna for a 5-ounce can, and is illegal for sale in the United States. As a result, Plaintiff and Class did not receive the goods as impliedly warranted by Defendant to be merchantable.

57.     Plaintiff and the Class purchased Safeway tuna in reliance upon Defendant's skill and judgment and the implied warranties of fitness for the purpose intended. Safeway Tuna was not altered by Plaintiff or the Class and was defective when it left the exclusive control of Defendant.  Defendant knew that Safeway Tuna would be purchased and used without additional testing or measurement by Plaintiff or the Class.

58.     Safeway tuna was defective and unfit for its intended purpose such that Plaintiff and the Class did not receive the goods as warranted.

59.     Defendant's breach of the implied warranty is the direct and proximate cause of harm to Plaintiff and the Class members because they would not have purchased Safeway Tuna on the agreed-upon terms if the true facts were known concerning its quantity and failure to comply with federal regulations.  Plaintiff and the Class paid a premium for Safeway tuna due to Defendant's promises that it contained an adequate amount of tuna for a 5-ounce can, and Safeway tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

60.     As a proximate result of this breach of warranty by Safeway, Plaintiff and the Class have suffered damages in an amount to be determined at trial.

**FIRST AMENDED CLASS ACTION COMPLAINT**

**FIFTH CAUSE OF ACTION**
Violations of California Commercial Code § 2314
By Plaintiff and the Sub-Class against Defendant

61.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

62.     Defendant is a "merchant" as to Safeway Tuna within the meaning of California Commercial Code § 2104.  It manufactured, distributed and marketed Safeway Tuna, which is a "good" within the meaning of California Commercial Code § 2105. Pursuant to California Commercial Code § 2314, Safeway impliedly warranted that Safeway tuna was merchantable, including that it would conform to the promises or affirmations of fact made on containers or labels.

63.     Plaintiff and the Class purchased Safeway Tuna which included and set forth promises or affirmations of fact on their containers or labels with respect to the stated quantities, i.e. "5-ounces" and two "2.5-ounce" servings per container.  Defendant breached the implied warranty of merchantability accompanying such transactions because Plaintiff and the Class did not receive goods that conformed to the promises or affirmations of fact on their containers or labels [California Commercial Code § 2314(1) and (2)(f)].

64.     Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, impliedly warranted that Safeway tuna contained an adequate amount of tuna for a 5-ounce can and that Safeway tuna is legal for sale in the United States.

65.     Defendant breached the warranty implied in the sale of Safeway tuna because the Safeway tuna was not of the same quality as those generally accepted in the trade, was not fit for the ordinary purpose for which such goods are used, was not adequately or accurately packaged or labeled, and did not measure up to the promises or

17

**FIRST AMENDED CLASS ACTION COMPLAINT**

facts stated on the container or label because Safeway tuna is under-filled and substantially underweight, does not contain an adequate amount of tuna for a 5-ounce can, and is illegal for sale in the United States. As a result, Plaintiff and Class did not receive the goods as impliedly warranted by Defendant to be merchantable.

66.     Plaintiff and the Class purchased Safeway tuna in reliance upon Defendant's skill and judgment and the implied warranty of fitness for the purpose intended. Safeway's tuna was defective when it left the exclusive control of Defendant. Defendant knew that its tuna would be purchased and used without additional testing or measurement by Plaintiff and Class members, and neither Plaintiff nor the Class members altered the Safeway Tuna in any way.

67.     Safeway's tuna products were defectively designed and unfit for its intended purpose, and Plaintiff and the Class did not receive the goods as warranted.

68.     Defendant's breach of the implied warranty is the direct and proximate cause of harm to Plaintiff and the Class members because they would not have purchased Safeway tuna products on the agreed-upon terms if the true facts were known concerning its quantity and failure to comply with federal regulations.  Plaintiff and the Class paid a premium for Safeway's tuna products due to Defendant's promises that it contained an adequate amount of tuna for a 5-ounce can, and Safeway tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

69.     As a proximate result of this breach of warranty by Safeway, Plaintiffs and the Sub-Class have suffered damages in an amount to be determined at trial.

**FIRST AMENDED CLASS ACTION COMPLAINT**

## SIXTH CAUSE OF ACTION
Fraud

By Plaintiff and the Proposed Class against Defendant

70.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

71.     Plaintiff brings this claim individually and on behalf of the proposed Class against Defendant.

72.     Defendant provided Plaintiff and Class members with false or misleading material information and failed to disclose material facts about Safeway's tuna products.

73.     Defendant misrepresented the actual amount contained in its 5-ounce cans of tuna and/or failed to disclose that it contained an inadequate amount of tuna for a 5-ounce can and/or that it was illegal for sale in the United States.

74.     Defendant misrepresented that 5 oz. cans of tuna contain two "2.5-ounce" servings when, in fact, they regularly contain substantially less.

75.     The representations by the Defendant were false.  Defendant made the foregoing misrepresentations and omissions with knowledge of their falsehood.

76.     The misrepresentations and omissions made by Defendant, upon which Plaintiff and the Class reasonably and justifiably relied, were intended to induce and did induce Plaintiff and the Class to purchase Safeway Tuna.

77.     The fraudulent actions of Defendant caused damage to Plaintiff and the Class, who are entitled to damages, punitive damages, and other legal and equitable relief as a result.

**FIRST AMENDED CLASS ACTION COMPLAINT**

## SEVENTH CAUSE OF ACTION
Negligent Misrepresentation
By Plaintiff and the Proposed Class against Defendant

78.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

79.     Plaintiff brings this claim individually and on behalf of the Class against the Defendant.

80.     Defendant misrepresented the actual amount contained in its 5-ounce cans of Safeway tuna and/or failed to disclose that it contained an inadequate amount of tuna for a 5-ounce can and/or that it was illegal for sale in the United States.

81.     Defendant misrepresented that its 5-ounce cans of tuna contain two "2.5-ounce" servings when, in fact, they regularly contain substantially less.

82.     Defendant had an obligation to disclose the true facts, and failed to do so with knowledge of its concealment and the materiality thereof, and/or in reckless disregard of its duty to ensure that its representations were accurate and complete.

83.     At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

84.     Defendant negligently misrepresented or omitted facts about its tuna products.

85.     The negligent misrepresentations and/or omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase Safeway Tuna.

86.     Plaintiff and the Class would not have purchased Safeway Tuna if the true facts had been known.

**FIRST AMENDED CLASS ACTION COMPLAINT**

87.     The negligent actions of Defendant actually and proximately caused damage to Plaintiff and the Class, who are entitled to damages and other legal and equitable relief as a result.

### EIGHTH CAUSE OF ACTION
Violations of California Business & Professions Code § 17200, et seq.
By Plaintiff and the Proposed Sub-Class against Defendant

88.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

89.     Plaintiff and Defendant are "person[s]" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

90.     "Unfair competition" is defined by Business & Professions Code § 17200 as encompassing several types of business "wrongs," including, but not limited to: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, and (3) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

91.     By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes unlawful and/or unfair business practices, and unfair, deceptive, untrue or misleading advertising prohibited by Business & Professions Code § 17200, *et seq.*

### A.     The "Unlawful" Prong

92.     Beginning at a date currently unknown through the time of this Complaint,

**FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Business & Professions Code § 17200 by manufacturing, distributing, advertising, labeling and/or marketing Safeway tuna as legally compliant to be sold in the United States without complying with the federal minimum standards for the quantity of tuna contained therein as required by 21 C.F.R. § 161.190.

## B.   The "Unfair" Prong

93.   Beginning at a date currently unknown and continuing up through the time of this Complaint, Defendant has committed acts of unfair competition that are prohibited by Business & Professions Code § 17200, *et seq*.  Defendant engaged in a pattern of "unfair" business practices that include the manufacture, marketing and distribution of Safeway tuna cans that contain language affirming that they contain "5-ounces" of tuna and that they contain two "2.5 ounce" servings when, in fact, they regularly contain less than the federal minimum quantity of tuna set forth in 21 C.F.R. § 161.190.  Because Safeway knows that the average consumer will not test or certify the content of their purchases of Safeway tuna, Safeway's pattern and practice of labeling the cans while systematically under-filling them is an unfair business practice.

94.   Alternatively, Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statutes by engaging in practices that are immoral, unethical, oppressive or unscrupulous, the utility of such conduct, if any, being far outweighed by the harm done to consumers and against public policy by manufacturing, distributing, and/or marketing Safeway tuna with less tuna contained therein than is required by 21 C.F.R. § 161.190, and by falsely representing that the cans contain "5-ounces" and two "2.5 ounce" servings.

**FIRST AMENDED CLASS ACTION COMPLAINT**

95.   Alternatively, Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statutes by engaging in practices, including manufacturing, distributing, marketing, and/or advertising Safeway tuna in violation of 21 C.F.R. § 161.190 by falsely representing that the products contain "5-ounces" and two "2.5 ounce" servings, wherein: (1) the injury to the consumer was substantial; (2) the injury was not outweighed by any countervailing benefits to consumers or competition; and (3) the injury was not of the kind that consumers themselves could not have reasonably avoided.

## C.   The "Unfair, Deceptive, Untrue or Misleading Advertising" Prong

96.   Defendant's advertising is unfair, deceptive, untrue or misleading in that consumers are led to believe that Defendant's products are legally compliant to be sold in the United States, that they contain "5-ounces" of tuna and two "2.5 ounce" servings and that therefore they are of marketable quality, quantity and workmanship, and that they were produced according to U.S. standards and laws when in fact they are not.

97.   Plaintiff, a reasonable consumer, and the public would be likely to be, and, in fact were, deceived and mislead by Defendant's advertising as they would, and did, interpret the representation in accord with its ordinary usage, that the products were actually legally compliant to be sold in the United States when, in fact, they are not.

98.   Defendant's unlawful and unfair business practices and unfair, deceptive, untrue or misleading advertising presents a continuing threat to the public in that Defendant continues to engage in unlawful conduct resulting in harm to consumers.

99.   Defendant engaged in these unlawful and unfair business practices

**FIRST AMENDED CLASS ACTION COMPLAINT**

motivated solely by Defendant's self-interest with the primary purpose of collecting unlawful and unauthorized monies from Plaintiff and all others similarly situated; thereby unjustly enriching Defendant.

100.   Such acts and omissions by Defendant are unlawful and/or unfair and constitute a violation of Business & Professions Code section 17200 et seq. Plaintiff reserves the right to identify additional violations by Defendant as may be established through discovery.

101.   As a direct and proximate result of the aforementioned acts and representations described above and herein, Defendant received and continues to receive unearned commercial benefits at the expense of their competitors and the public.

102.   As a direct and proximate result of Defendant's unlawful and unfair conduct described herein, Defendant has been and will continue to be unjustly enriched by the receipt of ill-gotten gains from customers, including Plaintiff and the Sub-Class, who unwittingly provided money to Defendant based on Defendant's actual and implied representations when Defendant's products are contain less than the federally mandated minimum quantity of tuna and are systematically under-filled.

103.   Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's unfair, unlawful, deceptive business practices in connection with the sale and purchase of Safeway tuna that is not legally compliant to be sold in the United States.

104.   In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which is available to a prevailing plaintiff in class action cases such as this matter.

105.   Pursuant to Business & Professions Code § 17203, Plaintiff and the Sub-Class seek from Defendants, and each of them, restitution and the disgorgement of all

**FIRST AMENDED CLASS ACTION COMPLAINT**

earnings, profits, compensation, benefits and other ill-gotten gains obtained by defendants as a result of defendants' conduct in violation of Business & Professions Code § 17200 *et seq*.

106.   Pursuant to Business & Professions Code § 17204, Plaintiff and the Sub-Class seek an order of this Court enjoining Defendants, and each of them, from continuing to engage in the acts as set forth in this complaint, which acts constitute violations of Business & Professions Code § 17200 *et seq*.  Plaintiff, the Sub-Class and the general public will be irreparably harmed if such an order is not granted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

1.   For an order certifying the nationwide Class and the Sub-Class under Rule 23 of the Federal Rules of Civil Procedure;

2.   For an order certifying Plaintiff as the representative of the Class and Sub-Class and certifying Plaintiff's attorneys as Class Counsel to represent the interests of the Class and Sub-Class;

3.   For an order declaring the Defendant's conduct violates the statutes and laws identified herein;

4.   For an order of judgment in favor of Plaintiff, the Class and the Sub-Class on all causes of action alleged herein;

5.   For an award of compensatory and punitive damages in amounts to be determined;

6.   For prejudgment interest;

7.   For an order of restitution and all other forms of equitable monetary relief;

**FIRST AMENDED CLASS ACTION COMPLAINT**

8.     For an order of injunctive relief to remedy the past, present and threatened future harm of Defendant's conduct as set forth herein;

9.     For an order awarding Plaintiff, the Class, and the Sub-Class reasonable attorneys' fees and costs of suit; and

10.     For all other relief this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

Dated: February 19, 2016          **NATHAN & ASSOCIATES, APC**

By:     /s/ Reuben D. Nathan_____
        Reuben D. Nathan, Attorney for Plaintiff,
        HENEY SHIHAD

Dated: February 19, 2016          **LAW OFFICES OF ROSS CORNELL, APC**

By:     /s/ Ross Cornell_____
        Ross Cornell, Attorney for Plaintiff,
        HENEY SHIHAD

26

**FIRST AMENDED CLASS ACTION COMPLAINT**

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

LAW OFFICES OF

# ROSS CORNELL

A PROFESSIONAL CORPORATION

111 WEST OCEAN BLVD., SUITE 400 • LONG BEACH, CALIFORNIA 90802
TELEPHONE (562) 612-1708 • FACSIMILE (562) 394-9556
EMAIL: ROSS.LAW@ME.COM

January 7, 2016

Safeway Inc.                                    **Via Certified U.S. Mail**
5918 Stoneridge Mall Rd.                        **Return Receipt Requested**
Pleasanton, CA  94588

Re:   **Notice of Violation of California Consumer Legal Remedies Act and 30 Day
      Right to Cure Under Civil Code Section 1782.  This is a Demand Letter and
      Must be Forwarded to the Appropriate Party For Immediate Resolution.**

Dear Sir or Madame:

**PLEASE TAKE NOTICE** that we believe Safeway, Inc. is in violation of the California
Consumer Legal Remedies Act, *Cal. Civil Code* § 1750, *et seq.* (the "CLRA"), for the
reasons set forth below.

We represent California consumer Heney Shihad who has regularly purchased 5-ounce
cans of Safeway Solid White Albacore Tuna in Water, Safeway Chunk Light Tuna in
Water and Open Nature Chunk Light Tuna in Water.  At all times, the goods purchased
by Mr. Shihad were advertised as containing the amount of tuna legally required for a 5
ounce can, which claims were false.  Our client paid for these various Safeway brand
tuna cans in reliance on Safeways's representations and is, therefore, an aggrieved
customer.

Section 1770 of the CLRA lists a number of unfair methods of competition and unfair
or deceptive acts or practices. The following are some of the prohibited acts under
CLRA:

- Representing that goods have approval, characteristics, ingredients, uses,
  benefits, or quantities which they do not have
- Advertising goods with the intent not to sell them as advertised
- Representing that a good has been supplied in accordance with previous
  representations when it has not.

Safeway committed multiple violations of the CRLA in connection with the advertising,
labeling and sale of 5-ounce cans of Safeway brand Solid White Albacore Tuna in Water
as set forth herein below.  Qualified independent testing has confirmed that Safeway's 5-

Safeway, Inc.
January 7, 2016
Page 2 of 4

ounce cans contain substantially less tuna than advertised and less than the minimum federal standard. [1]

For example, tests of one batch of five 5-ounce cans of Safeway Solid White Albacore revealed that the cans contained an average of only 2.02 ounces of pressed cake tuna, which is 1.21 ounces less than the minimum federal standard of 3.23 ounces. Tests of another batch of five 5-ounce cans of Safeway Solid White Albacore Tuna revealed that the cans contained an average of only 2.95 ounces of pressed cake tuna, which is .28 ounces less than the minimum federal standard of 3.23 ounces. In other words, independent tests confirm that Safeway's 5-ounce cans of Solid White Albacore Tuna in Water average 8.6% - 37.5% less tuna than is required by federal standards.

Similarly, independent testing of 5-ounce cans of Open Nature brand Chunk Light Tuna in Water confirmed that the cans contain an average of only 2.98 ounces of pressed cake tuna, which is .25 ounces less than the minimum federal standard of 3.23 ounces. One of the 5-ounce cans contained as little as 2.29 ounces of pressed cake tuna. In other words, Safeway's 5-ounce cans of Open Nature brand Chunk Light Tuna in Water average from 7.7% - 29.1% less tuna than required by federal standards. Our client contends, on information and belief, that Safeway brand Chunk Light Tuna in Water – the predecessor to Open Nature brand Chunk Light Tuna in Water – was equally deficient and failed to conform to the minimum federal standards in the same way as the current Open Nature brand Chunk Light Tuna in Water.

Accordingly, it is our contention that Safeway is and has been violating the CLRA and depriving consumers throughout California and the United States of the intended benefit of their tuna purchases by selling tuna cans advertised as 5 ounces that actually contain significantly less than the federally required minimum for a 5-ounce can.

The foregoing conduct on the part of Safeway constitutes a breach of express and implied warranties in violation of U.C.C. § 2-313 and 2-314. This letter shall serve as notice of breach as required by § 2-607(3)(a).

Safeway's pattern and practice of falsely advertising the content of its 5-ounce cans of tuna and systematically under-filling them constitutes an unfair business practice within the meaning of California Business and Professions Code § 17200 and false advertising pursuant to § 17500. Safeway has violated and continues to violate subsections (a)(5), (a)(9) and (a)(16) of the CLRA by committing the acts and practices described herein. Specifically, by labeling, marketing and advertising Safeway brand Solid White Albacore Tuna in Water and Open Nature brand Chunk Light Tuna in Water as containing 5-ounces of tuna when the cans actually contain substantially less tuna than is required by federal law, Safeway has represented that its 5-ounce cans of tuna have approval, characteristics, ingredients, uses, benefits, or quantities which they do not have. Similarly, Safeway has advertised its 5-ounce cans with the intent not to sell them as advertised in that they are systematically and regularly under-filled and actually contain

---

[1] The legal standard of measurement is set forth in 21 C.F.R. § 161.190(c).

Safeway, Inc.
January 7, 2016
Page 3 of 4

less than the federal minimum standard weight of pressed cake tuna when rigorously tested.

YOU HAVE THIRTY (30) DAYS from the date on which this notice is served upon you to correct, repair, replace, or otherwise rectify the foregoing violations of the CLRA as to our client and all aggrieved consumers. Our client demands that Safeway immediately cease the unlawful business practices described herein, recall under-filled cans of Safeway and Open Nature brand tuna, disgorge the profits derived from its unlawful business practice and false advertising, and make restitution to our client and all similarly situated customers of tuna canned, packed, marketed and sold by Safeway, without limitation.

FAILURE TO TAKE ACTION WITHIN 30 DAYS OF THE RECEIPT OF THIS NOTICE SHALL RESULT IN THE FILING OF A CIVIL LAWSUIT IN U.S. DISTRICT COURT for damages, restitution and injunctive relief and all other appropriate relief on behalf of our client and all others similarly situated pursuant to *Cal. Civil Code* § 1780, *et seq.*, *Cal. Business and Prof. Code* §§ 17200 and 17500 and for statutory damages, punitive damages, treble damages, and attorney fees and costs as authorized by law.

Any response hereto shall be provided in written format and shall be clear and understandable and mailed via certified mail to the following addresses:

ROSS CORNELL, ESQ.
111 W. OCEAN BLVD., SUITE 400
LONG BEACH, CA 90802

REUBEN D. NATHAN, ESQ.
2901 W. COAST HIGHWAY, SUITE 350
NEWPORT BEACH, CA 92663

**NOTICE AND DEMAND TO PRESERVE EVIDENCE.** This letter also constitutes notice to Safeway, Inc. that it is not to destroy, conceal or alter in any manner whatsoever any evidence, documents, merchandise, information, paper or electronic data and/or other tangible items or property potentially discoverable in the above- referenced matter, including but not limited to documents that relate to Safeway's processes for manufacturing, labeling and packaging tuna, documents related to seafood inspections and/or weight or fill tests conducted by any person regarding Safeway tuna, documents that evidence Safeway's knowledge of consumer complaints regarding the quantity of tuna contained within 5 oz. tuna cans packed, marketed or distributed by Safeway and its affiliated companies, and all documents that relate to Safeway's advertising and pricing practices regarding Safeway and Open Nature brand tuna. In order to assure that Safeway's obligation to preserve documents and things will be met, please forward a copy of this letter to any and all persons and entities with custodial responsibilities for the items referred to herein and other relevant evidence.

Safeway, Inc.
January 7, 2016
Page 4 of 4


We look forward to your written response.  If you fail to adequately redress the matters set forth herein within thirty (30) days, be advised that we will seek damages under Civil Code § 1780 on a class-wide basis.

Best regards,

ROSS CORNELL